IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 25-40396

VICKI BAKER,

Plaintiff - Appellee

v.

CITY OF MCKINNEY, TEXAS,

Defendant - Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

## **BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS**

Edwin Armstrong Price Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

Attorney for Appellant
City of McKinney, Texas

September 16, 2025

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 25-40396

VICKI BAKER,

Plaintiff - Appellee

v.

CITY OF MCKINNEY, TEXAS,

Defendant - Appellant

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

| Name | Interest |
| --- | --- |
| Vicki Baker | Plaintiff-Appellee |
| Suranjan M. Sen, Lead Appellate Counsel<br>Jeffrey H. Redfern<br>William R. Aronin<br>Robert McNamara<br>INSTITUTE FOR JUSTICE<br>901 North Glebe Road, Suite 900<br>Arlington, Virginia  22203 | Trial and Appellate Counsel for Plaintiff-Appellee |
| City of McKinney, Texas | Defendant-Appellant |

i

| | |
|---|---|
| Edwin Armstrong Price Voss, Jr.<br>BROWN & HOFMEISTER, L.L.P.<br>740 East Campbell Road, Suite 800<br>Richardson, Texas  75081 | Trial and Appellate Counsel for<br>Defendant-Appellant City of<br>McKinney, Texas |
| Michael L. Martin<br>BROWN & HOFMEISTER, L.L.P.<br>740 East Campbell Road, Suite 800<br>Richardson, Texas  75081 | Trial Counsel for Defendant-<br>Appellant City of McKinney, Texas |

*s/ Edwin Armstrong Price Voss, Jr.*
Edwin Armstrong Price Voss, Jr.
Attorney of Record for Defendant-Appellant
City of McKinney, Texas

## STATEMENT REGARDING ORAL ARGUMENT

Appellant City of McKinney, Texas, requests oral argument in this appeal. Oral argument will materially assist this Court in the resolution of the issues raised in this appeal because this case involves, respectively, the following matter of importance to the jurisprudence of this Circuit, and the following matters of first impression in this Circuit: (1) whether the district court's exercise of discretion to maintain supplemental jurisdiction was appropriate after federal question jurisdiction was eliminated by this Court, and the remaining sole state law claim raises novel and complex unprecedented issues of state takings law that provide compelling reasons to decline supplemental jurisdiction; and (2) whether the district court's grant of a new judgment under Appellee Vicki Baker's asserted "reelection of remedy" procedure was correct where the district court failed to correctly apply Texas law concerning election of remedies, state takings law, and inverse condemnation damages issues.

## **TABLE OF CONTENTS**

Certificate of Interested Persons ............................................................... i

Statement Regarding Oral Argument ...................................................... iii

Table of Contents ................................................................................... iv

Table of Authorities .............................................................................. vi

I.    Statement of Jurisdiction .................................................................1

II.   Statement of Issues Presented for Review .......................................4

III.  Statement of the Case ......................................................................5

    1.    Procedural History ...................................................................5

    2.    Statement of Facts ...................................................................8

    3.    Rulings Presented for Review ............................................... 10

IV.   Summary of Argument ................................................................... 11

V.    Argument and Authorities .............................................................. 12

    A.    Standards of Review ............................................................. 12

        (1)    For review of exercise of supplemental jurisdiction by district court ............................................................... 12

        (2)    For review of the district court's determinations under election of remedies doctrine, the district court's determinations of state takings law and damages, the district court's grant of summary judgment, and the district court's denial of a dismissal motion ...................................... 13

    B.    The District Court's Exercise of Supplemental Jurisdiction Was An Abuse of Discretion ................................................... 15

        (1)    The Legal Standards Applicable to Supplemental Jurisdiction Issues ................................................... 15

        (2)    Supplemental Jurisdiction Should Have Been Declined ......... 17

    C.    The District Court Mis-Applied State Law, Requiring Reversal ...... 27

        (1)    Texas Takings Claim: Applicable State Law .......................... 28

        (2)    Texas Election of Remedies Law Was Mis-Applied .............. 29

            (a)    Election of Remedies: the Appropriate Legal Standards ....................................................... 29

(b)    The Mis-Application of State Law Concerning Election of Remedies.........................................................31

(3)    Texas Takings Law Was Mis-Applied...................................32

(4)    The Measure of Damages Used at Trial Did Not Apply Texas Takings Law to Support Damages Under State Law .......................................................................................................34

VI.    Conclusion .......................................................................................37

Prayer .......................................................................................................38

Signature  .................................................................................................38

Certificate of Service .............................................................................39

Certificate of Compliance ......................................................................40

# TABLE OF AUTHORITIES

**Cases**

*Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451 (6th Cir. 1996) ....................15

*Allison v. ITE Imperial Corp.*, 928 F.2d 137 (5th Cir. 1991) ..................................13

*American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321 (5th Cir. 2008)....13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................14

*Baker v. City of McKinney,* 84 F.4th 378 (5th Cir. 2023), *cert. denied*, 145 S.Ct. 11 (2024).......................................... 2, 7, 16, 17, 18, 19, 20, 21, 24, 25, 26, 32, 33, 34

*Barshop v. City of Houston*, 442 S.W.2d 682 (Tex. 1969)..................... 7, 32, 35, 37

*Bass v. Parkwood Hosp.*, 180 F.3d 234 (5th Cir. 1999) .........................................22

*Batiste v. Island Records, Inc.*, 179 F.3d 217 (5th Cir. 1999) ................................13

*Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co.*, 747 S.W.2d 785 (Tex. 1988) .................................................................................................................30

*Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595 (5th Cir. 2009) ............................................................................................................. 17, 23

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) .................................. 18, 23

*City of Arlington v. State Farm Lloyds,* 145 S.W.3d 165 (Tex. 2004)....................29

*City of Dallas v. Jennings,* 142 S.W.3d 310 (Tex. 2004)........................................29

*City of Tyler v. Likes,* 962 S.W.2d 489 (Tex. 1997)...............................................28

*Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas*, 491 S.W.2d 869 (Tex. 1973) ........................................................................................................30

*Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092 (5th Cir. 1983) .............................3

*Enochs v. Lampasas Cnty*, 641 F.3d 155 (5th Cir. 2011).......................... 16, 17, 21

*Estate of Lopez*, 2021 WL 2252138 (Tex.App.-Waco, No. 10-18-00278-CV, May 21, 2021, pet. denied) (mem. op.) ....................................................................30

*GWTP Investments, L.P. v. SES Americom, Inc.*, 497 F.3d 478 (5th Cir. 2007).....14

*Hallco Tex, Inc. v. McMullen Cnty.*, 221 S.W.3d 50 (Tex. 2006)..................... 20, 33

*Halmekangas v. State Farm Fire and Cas. Co.,* 603 F.3d 290 (5th Cir. 2010).......15

*Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468 (Tex. 2012)...... 20, 33, 34

*Hernandez v. Dallas Indep. Sch. Dist.*, 2015 WL 6736647 (N.D. Tex., No. 3:14-CV-0022-BK, Nov. 4, 2015) (mem. op.) .........................................................22

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007)........................14

*Int'l Ins. Co. v. RSR Corp.,* 426 F.3d 281 (5th Cir. 2005)......................................36

*Jones v. Roadway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991).............................13

*Kariuki v. Tarango*, 709 F.3d 495 (5th Cir. 2013)..................................................13

*Kish v. Van Note,* 692 S.W.2d 463 (Tex. 1985) ......................................................30

*Malvino v. Delluniversita*, 840 F.3d 223 (5th Cir. 2016) .......................................30

*Matter of 3 Star Properties, L.L.C.*, 6 F.4th 595 (5th Cir. 2021) ...........................30

*Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875 (5th Cir. 2014) .......................3

*Mendoza v. Murphy*, 532 F.3d 342 (5th Cir. 2008) ......................................... 13, 16

*Myers v. County of Lake, Ind.*, 30 F.3d 847 (7th Cir. 1994)...................................23

*Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580 (5th Cir. 1992).... 18, 22, 23

*Quest Medical, Inc. v. Apprill*, 90 F.3d 1080 (5th Cir. 1996).................................30

*Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757 (5th Cir. 2011).............14

*Roman v. W. Mfg., Inc.,* 691 F.3d 686 (5th Cir. 2012) ...........................................35

*Salve Regina College v. Russell*, 499 U.S. 225 (1991)............................................13

*Singer v. State,* 391 S.W.3d 627 (Tex.App.-El Paso 2012, pet. denied) .................28

*Smith v. Transworld Drilling Co.,* 773 F.2d 610 (5th Cir. 1985)............................36

*St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622 (Tex.App.-Dallas 1992, writ denied) ................................................................................................................ 30, 32

*St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000) .................14

*State Nat'l Ins. Co. v. Yates,* 391 F.3d 577 (5th Cir. 2004) .....................................15

*State v. Holland,* 221 S.W.3d 639 (Tex. 2007).......................................................28

*Steele v. City of Houston,* 603 S.W.2d 786 (Tex. 1980).... 18, 19, 20, 21, 22, 24, 25, 27, 33, 34

*Tarrant Regional Water Dist. v. Gragg,* 151 S.W.3d 546 (Tex. 2004)............ 28, 29

*Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12 (Tex. 2024) ................... 20, 21, 25, 26

*The Commons of Lake Houston, Ltd. v. City of Houston, Texas*, 711 S.W.3d 666 (Tex. 2025) ..................................................................................... 20, 24, 25

*Thornton v. Northeast Harris County MUD 1,* 447 S.W.3d 23 (Tex.App-Houston [14th Dist.] 2014, pet. denied)..........................................................................29

*Tobacco & Wine, Inc. v. Cnty. of Dallas*, 456 F.Supp.3d 788 (N.D. Tex. 2020)....16

*United Mineworks of Am. v. Gibbs,* 383 U.S. 715 (1966) .......................................17

*Weeks Marine, Inc. v. Salinas*, 225 S.W.3d 311 (Tex.App.-San Antonio 2007, pet. dism'd)...............................................................................................................31

*Whiteside v. Cimble Corp.*, 2024 WL 3825237 (E.D. Tex., No. 4:17-CV-404-KPJ, Aug. 14, 2024).....................................................................................................30

*Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607 (5th Cir. 2018) ...................15

*Wong v. Stripling*, 881 F.2d 200 (5th Cir.1989) .............................................. 18, 23

**Statutes**

28 U.S.C. § 1291 ........................................................................................................3

28 U.S.C. § 1331 ......................................................................................................17

28 U.S.C. § 1367 ................................................................. 2, 11, 12, 15, 16, 23

42 U.S.C. § 1983 ............................................................................................ 6, 7, 34

Fed.R.App.P. 28 .......................................................................................... i, 1, 12

Fed.R.App.P. 32 .................................................................................................40

Fed.R.App.P. 4 ....................................................................................................3

Fed.R.Civ.P. 12 ..................................................................................................14

Fed.R.Civ.P. 54 ..................................................................................................27

Fed.R.Civ.P. 56 ..................................................................................................14

Fed.R.Civ.P. 58 ..................................................................................................27

Fed.R.Civ.P. 59 ..................................................................................................27

Fed.R.Civ.P. 60 ..................................................................................................27

Fifth Amendment to the United States Constitution.................. 1, 2, 7, 17, 19, 26, 32

Tex. Const. art. I, § 17................................................. 19, 20, 21, 26, 28, 31, 33, 34

**Other Authorities**

C. Wright, *Federal Courts* 634 (4th ed. 1983) .........................................................36

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 25-40396

VICKI BAKER,

Plaintiff - Appellee

v.

CITY OF MCKINNEY, TEXAS,

Defendant - Appellant

## BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS

Defendant-Appellant City of McKinney, Texas ("Appellant" or "City"), respectfully submits the following Brief pursuant to Fed.R.App.P. 28.

### I.
### STATEMENT OF JURISDICTION

Plaintiff-Appellee Vicki Baker ("Plaintiff," "Appellee" or "Baker") brought suit against the City alleging a takings claim under the Fifth Amendment to the United States Constitution, and a takings claim under the Texas Constitution. ROA.25-40396.13-20.[1]   The City disputed the district court's jurisdiction to hear this case.  ROA.25-40396.30-76; ROA.25-40396.682.  The district court determined that it had jurisdiction.  ROA.25-40396.422-439.

---

[1]  The Record on Appeal is referred to as "ROA" in accordance with this Court's procedures.

**BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS - Page 1**

After additional pre-trial interlocutory rulings whereby the district court granted Baker's motion for partial summary judgment that found the City liable (ROA.25-40396.618-651), trial in this matter was to a jury on Baker's takings claim under the Fifth Amendment, who returned a verdict on June 22, 2022, in Baker's favor for $59,656.59.  ROA.25-40396.812-814; ROA.25-40396.1070-1607.  Final Judgment was entered on June 22, 2022. ROA.25-40396.810-811.  The City timely filed post-trial motions (ROA.25-40396.822-863), which the district court denied. ROA.25-40396.901-937.  The City timely filed its notice of appeal on September 23, 2022.  ROA.25-40396.938-939.  After briefing, oral argument and submission to this Court in Appeal No. 22-40644, on February 22, 2024, this Court issued its judgment reversing the district court's summary judgment order of liability against the City under federal takings law, and vacating the § 1983 judgment in Baker's favor, ordering this case remanded to the district court for further proceedings on Baker's takings claim under the Texas Constitution.  *See* Appeal No. 22-40644; *Baker v. City of McKinney,* 84 F.4th 378 (5th Cir. 2023), *cert. denied*, 145 S.Ct. 11 (2024).

Back at the district court, on December 3, 2024, Baker filed her Notice of Reelection of Remedy.  ROA.25-40396.966-967.  The City opposed Baker's attempted "reelection." ROA.25-40396.979-986.  Further, the City filed its motion to dismiss Baker's remaining state law claim under 28 U.S.C. § 1367, the

**BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS - Page 2**

supplemental jurisdiction statute. ROA.25-40396.987-994. After further briefing by the parties (ROA.25-40396.999-1049), on June 5, 2025, the district court issued its Memorandum Opinion and Order, and Final Judgment, granted Baker's reelection of remedy, denied the City's dismissal motion, exercised supplemental jurisdiction, entered judgment that the City's actions violated the takings clause of the Texas Constitution, and ordered that Baker recover from the City the same monetary amount as in the previous judgment, *i.e.*, $59,656.59. ROA.25-40396.1050-1063. On June 25, 2025, the City timely filed its Notice of Appeal to appeal the district court's Memorandum Opinion and Order, and Final Judgment, on the state takings claim issue, as well as to appeal the district court's previous rulings in favor of Baker on her state takings claim. ROA.25-40396.1064-1065; Fed.R.App.P. 4(a)(1).

This Court, therefore, has jurisdiction over the issues raised in this appeal from the Memorandum Opinion and Order, the Final Judgment, and the district court's pre-trial interlocutory orders, all of which are merged into the judgment, pursuant to 28 U.S.C. § 1291. *Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 879 (5th Cir. 2014) (in confirming its jurisdiction, this Court noted that all interlocutory orders of the district court leading up to the judgment merge into the final judgment and are appealable); *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983) ("Under the final judgment appealability rule, a party may obtain review of

prejudicial adverse interlocutory rulings upon his appeal from adverse final judgment, at which time the interlocutory rulings (nonreviewable until then) are regarded as merged into the final judgment terminating the action.").

**II.**
**STATEMENT OF ISSUES PRESENTED FOR REVIEW**

The issues presented by this appeal are listed as follows:

1.    The owner of a residence brought Fifth Amendment and state takings claims against a city whose police officers caused damage to the home when attempting to resolve an armed hostage standoff.  This Court ruled that the Fifth Amendment takings claim failed in the face of undisputed lawful, proper and necessary actions of the police officers.  Upon remand on the owner's state takings claim, was supplemental jurisdiction properly exercised where unsettled, novel and unique issues of state law existed, *e.g.*, that no state court decision has yet addressed the takings claim issues raised by the owner vis-à-vis the necessity exception recognized by this Court?

2.    Upon remand, the district court granted the homeowner's request for judgment under her state law takings claim under the election of remedy doctrine. Where the pleadings, evidence at trial, jury instructions and verdict omitted key state law elements to support a damage award under state takings law, did the trial court incorrectly apply state law to enter such judgment?

**III.**
**STATEMENT OF THE CASE**

This is a case by a homeowner seeking recovery under the Fifth Amendment Takings Clause, and the Texas Constitution's Takings Clause, for damages caused by police officers who reasonably responded to an armed hostage standoff in Baker's home. ROA.25-40396.13-20. After pre-trial motions and rulings by the district court (ROA.25-40396.30-76; ROA.25-40396.422-439; ROA.25-40396.203-282; ROA.25-40396.618-651), trial resulted in a jury verdict on Baker's federal takings claim. ROA.25-40396.810-811. The City appealed, and this Court reversed and vacated Baker's recovery on her federal takings claim, and remanded the case to the district court on Baker's state takings claim. *See* Appeal No. 22-40644. The district court then exercised supplemental jurisdiction, and entered judgment against the City and in favor of Baker on her state takings claim. ROA.25-40396.1050-1063. This appeal arises from the district court's adverse pre-trial rulings, and the Memorandum Opinion and Order and Final Judgment, finding the City liable and awarding Baker damages under the Texas Constitution's takings clause. ROA.25-40396.1050-1063.

1.    Procedural History

Baker filed this civil action in the United States District Court for the Eastern District of Texas, Sherman Division, on March 3, 2021. ROA.25-40396.13-20 ("Plaintiff's Complaint"). The City responded to Plaintiff's Complaint by filing

Defendant City of McKinney's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss, and Brief, asserting entitlement to dismissal for lack of subject-matter jurisdiction and for Baker's failure to state a viable takings claim. ROA.25-40396.30-76. After being fully briefed (ROA.25-40396.89-137; ROA.25-40396.152-195), on November 18, 2021, the district court denied the City's dismissal motion. ROA.25-40396.422-439. While the City's dismissal motion was pending, Baker filed Plaintiff's Motion for Partial Summary Judgment asserting entitlement to liability findings as to her takings claims. ROA.25-40396.203-282. After being fully briefed (ROA.25-40396.283-421), on April 29, 2022, the district court granted Baker partial summary judgment, finding the City liable under Baker's federal and state takings claims. ROA.25-40396.618-651.

Trial was to a jury under 42 U.S.C. § 1983. ROA.25-40396.797-814; ROA.25-40396.1088-1607. The City objected to the district court's proposed instructions to the jury, and verdict form, which objections were overruled. ROA.25-40396.1422:6-1424:24. Notably, before trial, the district court queried Baker's counsel concerning the measure of damages. ROA.25-40396.1198:8-1199:2. Specifically, the district court asked whether Baker wished to proceed with presentation of repair damages (which the City asserts is applicable to Baker's federal takings claim), or with presentation of fair market value damages before and after the taking (which the City asserts is applicable to Baker's state law

takings/inverse condemnation claim). ROA.25-40396.1198:8-1199:2.[2] Baker chose the repair costs measure of damages. ROA.25-40396.1198:14-16. The City noted that repair costs information was the only evidence provided by Baker. ROA.25-40396.1198:18-22.

The jury returned a verdict on June 22, 2022, awarding damages to Baker totaling $59,656.59 based on Baker's repair cost evidence and estimated personal property damages. ROA.25-40396.812-814; ROA.25-40396.1275-1326; ROA.25-40396.1533-1550. Final Judgment was entered on June 22, 2022. ROA.25-40396.810-811.

The City appealed from that judgment. ROA.25-40396.938-939. After briefing, oral argument, and submission to this Court in Appeal No. 22-40644, on February 22, 2024, this Court issued its judgment reversing the district court's summary judgment order finding that the City's damaging or destroying Baker's house and personal property was a compensable taking under the Fifth Amendment, vacating the § 1983 judgment in Baker's favor, and remanding this case to the district court for further proceedings regarding Baker's takings claim under the Texas Constitution. *See* Appeal No. 22-40644; *Baker v. City of McKinney, Texas,* 84 F.4th 378 (5th Cir. 2023), *cert. denied,* 145 S.Ct. 11 (2024).

---

[2] *See Barshop v. City of Houston*, 442 S.W.2d 682, 685 (Tex. 1969) (monetary damages for inverse condemnation claims are based on the diminution of value of the property at the time of the taking, after establishing the value of the property before the taking); ROA.25-40396.297.

On December 3, 2024, Baker filed her Notice of Reelection of Remedy with the district court. ROA.25-40396.966-967. The City opposed Baker's attempted "reelection." ROA.25-40396.979-986. The City also filed its motion to dismiss Baker's remaining state law claim asserting lack of supplemental jurisdiction. ROA.25-40396.987-994. After further briefing by the parties (ROA.25-40396.999-1049), on June 5, 2025, the district court issued its Memorandum Opinion and Order, and Final Judgment, granted Baker's reelection of remedy, denied the City's dismissal motion, exercised continuing supplemental jurisdiction, and entered judgment that the City's actions violated the takings clause of the Texas Constitution, awarding Baker the same amount of damages as in the previous judgment, *i.e.*, $59,656.59, although no additional damages evidence was submitted. ROA.25-40396.1050-1063. On June 25, 2025, the City timely filed its Notice of Appeal to appeal the district court's Memorandum Opinion and Order, and Final Judgment, on the state takings claim issues, as well as to appeal the district court's previous rulings in favor of Baker on her state takings claim. ROA.25-40396.1064-1065.

2.    Statement of Facts

Baker owned the residential home at 3600 Vista Verde Trail in the City (the "Property"). ROA.25-40396.1276:4-13. At the time of these events, Baker had moved to Montana. ROA.25-40396.1275:25-1276:3. Baker's adult daughter, Ms.

Deanna Cook, was living in Baker's house and saw a Facebook post reporting that an acquaintance of Baker's, Mr. Wesley Little, was on the run with a 15-year-old girl. ROA.25-40396.1278:8-12; ROA.25-40396.1302:5-7. Ms. Cook called Baker to advise her of Mr. Little's actions. ROA.25-40396.1278:8-12; ROA.25-40396.1278:22-1279:3.

Mr. Little came to the Property with the 15-year-old girl and told Ms. Cook that he wanted to enter the Property and put his car in the garage. ROA.25-40396.1278:22-1279:1. Ms. Cook knew Mr. Little and let Mr. Little into the home and let him park his car in the garage, and she thereafter left the Property. ROA.25-40396.1278:24-1279:1; ROA.25-40396.1302:8-15. Ms. Cook and Baker then together called the McKinney police, who met Ms. Cook in a retail parking lot. ROA.25-40396.1279:5-8; ROA.25-40396.1303:3-10; ROA.25-40396.1249:18-1250:11; ROA.25-40396.1583-1584. The police then went to the Property and surrounded the house. ROA.25-40396.1226:16-1229:10; ROA.25-40396.1553-1575. The police realized that Mr. Little was the same person who had eluded police in a high-speed car chase earlier that day. ROA.25-40396.1250:8-11; ROA.25-40396.1357:5-1361:4; ROA.25-40396.1553-1575.

The police attempted to negotiate with Mr. Little during the standoff. ROA.25-40396.1228:3-23; ROA.25-40396.1254:3-7; ROA.25-40396.1361:5-1362:5; ROA.25-40396.1370:11-1372:22; ROA.25-40396.1553-1575. Mr. Little

refused to leave the house, but released the 15-year-old girl. ROA.25-40396.1254:9-12; ROA.25-40396.1361:11-23. The girl told the police that Mr. Little had multiple weapons and that he stated that he was ready to die and go out shooting. ROA.25-40396.1254:21-1155:7; ROA.25-40396.1361:11-15. Over the next several hours, the police attempted to coerce Mr. Little to leave the house by using tear gas and other forceful methods, without success. ROA.25-40396.1229:11-1231:2; ROA.25-40396.1226:21-1270:9; ROA.25-40396.1362:8-20. The police then used a drone to enter the house, and found Mr. Little inside the house, discovering that at some point in time he had taken his own life with a self-inflicted gunshot wound to the head. ROA.25-40396.684; ROA.25-40396.1231:3-13; ROA.25-40396.1363:21-1364:15; ROA.25-40396.1576-1578. As a result of the police operations, some damage to the Property occurred. ROA.25-40396.1232:25-1242:22. Baker repaired the home and then sold it. ROA.25-40396.1314:22-1315:3.

3.    Rulings Presented for Review

By this appeal, the City seeks review of the following rulings (ROA.25-40396.1064-1065):

a.    The district court's exercise of supplemental jurisdiction over Baker's state takings claim, determination that Baker stated a valid claim for relief, and denial of the City's jurisdictional dismissal motion. ROA.25-40396.437-439; ROA.25-40396.1050-1062.

**BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS - Page 10**

b.     The district court's grant of partial summary judgment to Baker finding liability against the City under Baker's state takings claim, entry of findings against the City on Baker's state takings claim, and entry of Final Judgment and damages on Baker's state takings claim.   ROA.25-40396.648-651; ROA.25-40396.1050-1063.

**IV.**
**SUMMARY OF ARGUMENT**

Baker's residence in the City became the unfortunate site of a hostage standoff.  The City's police department responded to her call for assistance.  During the police officers' attempts to apprehend the suspect and obtain a safe release of the 15-year-old female hostage, some damage to Baker's house occurred.  Baker does not fault or criticize the police department's actions or methods.  Baker nonetheless filed a takings lawsuit to recover not only her out-of-pocket repair costs, but also extra money for items and funds that were donated or paid to her for the repairs. Baker repaired the home and then sold it.

With Baker's federal takings claim dismissed, Baker's sole remaining state takings claim should have been dismissed by the district court without prejudice to allow Baker to pursue that claim in state court.  The district court's exercise of supplemental jurisdiction was an abuse of discretion because, under 28 U.S.C. § 1367(c), unprecedented, novel, complex and unique state law issues remained to be decided, particularly in light of this Court's recognition of the necessity exception

to Baker's dismiss federal takings claim, which should have been left to be decided by Texas state courts rather than be ignored as a non-factor.

Further, the district court's rulings on Baker's state law takings claim incorrectly applied Texas law. Specifically, the district court mis-applied state law as to election of remedies, state takings liability and concerning the measure of damages under state takings law.

The district court's Memorandum Opinion and Order, Final Judgment, and other rulings against the City on Baker's state takings claim should be reversed and judgment should be rendered in the City's favor dismissing Baker's state takings claim without prejudice to Baker's refiling her claim in state court.

## V.
## ARGUMENT AND AUTHORITIES

### A. Standards of Review.

Pursuant to Rule 28(a)(8)(B), the standards of review applicable to the matters raised in this appeal are as follows:

(1) For review of exercise of supplemental jurisdiction by district court:

The district court chose to exercise supplemental jurisdiction over Baker's state law takings claim after Baker's federal takings claim was dismissed. ROA.25-40396.1055-1057. The standard of review for determining a district court's exercise of supplemental jurisdiction under 28 U.S.C. § 1367(c) is for abuse of discretion.

*Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 226 (5th Cir. 1999).

    (2)    <u>For review of the district court's determinations under election of remedies doctrine, the district court's determinations of state takings law and damages, the district court's grant of summary judgment, and the district court's denial of a dismissal motion.</u>

This Court must decide whether the district court was correct in its decisions applying state law, *i.e.*, the election-of-remedies doctrine, finding liability against the City under the Texas Constitution's takings provision, and its monetary judgment against the City under state takings/inverse condemnation measure of damages. Review of these determinations of state law is *de novo*, without deference to the district court. *Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991); *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 335 (5th Cir. 2008) (citing *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1088 (5th Cir. 1991)); *Allison v. ITE Imperial Corp.*, 928 F.2d 137, 138 (5th Cir. 1991).

The district court relied upon its previous grant to Baker of summary judgment on her takings claim under the Texas Constitution. ROA.25-40396.648-651; ROA.25-40396.1056-1057. When reviewing a grant of summary judgment, the court of appeals views "all evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (citation omitted). Summary judgment is only

proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a).

The district court denied the City's motion to dismiss Baker's state law takings claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure. ROA.25-40396.437-439. The standard of review for the denial of a dismissal motion asserted under Rule 12(b)(1) is *de novo*. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000). The party asserting jurisdiction must carry the burden of proving the existence of subject-matter jurisdiction to survive a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

The district court denied the City's motion to dismiss Baker's state law takings claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ROA.25-40396.437-439. The standard of review for a denial of a dismissal motion asserted under Rule 12(b)(6) is also *de novo*. *GWTP Investments, L.P. v. SES Americom, Inc.*, 497 F.3d 478, 481 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To withstand the City's Rule 12(b)(6) motion, Baker must have provided sufficient facts to state a claim to relief that is legally plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court denied the City's motion for new trial concerning the state law takings claim and damages issues. ROA.25-40396.922-923; ROA.25-

40396.931-937. The court of appeals' review of the denial of a motion for new trial is for abuse of discretion. *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614 (5th Cir. 2018). The court will reverse the district court only if "there is an absolute absence of evidence to support the jury's verdict." *Id.*

## B.    **The District Court's Exercise of Supplemental Jurisdiction Was An Abuse of Discretion.**

(1)    <u>The Legal Standards Applicable to Supplemental Jurisdiction Issues</u>.

Baker asserted that the district court had supplemental jurisdiction in this case pursuant to 28 U.S.C. § 1367 to consider Baker's takings claim under the Texas Constitution. ROA.25-40396.15 (Plaintiff's Original Complaint, ¶ 7); ROA.25-40396.681-682 (Joint Pretrial Order, pp. 1-2). Section 1367 "grants supplemental jurisdiction over [state] claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy.'" *Halmekangas v. State Farm Fire and Cas. Co.,* 603 F.3d 290, 293 (5th Cir. 2010) (citing *State Nat'l Ins. Co. v. Yates,* 391 F.3d 577, 579 (5th Cir. 2004)). Section 1367 on its own, however, cannot provide original jurisdiction over a state law claim. "The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction." *Halmekangas,* 603 F.3d at 294 (quoting *Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 456 (6th Cir. 1996)). Importantly, if federal jurisdiction is lacking, then the supplemental jurisdiction statute is not triggered. *Halmekangas*, 603 F.3d at 294.

**BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS - Page 15**

In this case, Baker's federal takings claim was dismissed by this Court. *Baker*, 84 F.4th at 385-88. Section 1367 states that a district court's continued exercise of supplemental jurisdiction is discretionary if federal question jurisdiction no longer exists. Specifically, a district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "The court also considers common law factors, including judicial economy, convenience, fairness, and comity, in deciding whether to exercise supplemental jurisdiction." *Tobacco & Wine, Inc. v. Cnty. of Dallas*, 456 F.Supp.3d 788, 793 (N.D. Tex. 2020). *See also Enochs v. Lampasas Cnty*, 641 F.3d 155, 159 (5th Cir. 2011) (explaining that a federal court considers both statutory and common law factors when deciding whether to retain supplemental jurisdiction over a remaining state law claim); *Mendoza*, 532 F.3d at 346 (same). As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated. *Enochs*, 641 F.3d at 161. As set forth herein, the district court's analysis of these factors led it to conclude that the court should maintain supplemental jurisdiction in order to rule on Baker's lone remaining state

law takings claim. NOA.25-40396.1055-1057. That decision, as set forth herein, was an abuse of discretion where the district court's analysis of the applicable factors led the court not only to exercise jurisdiction where the factors called for dismissal of unresolved state law issues, but also led the court to make state court rulings on unique, novel and admittedly complex sets of state law matters. These are issues of significant importance to the law of this Circuit.

(2)    Supplemental Jurisdiction Should Have Been Declined.

In the previous appeal of this case, this Court determined that Baker's Fifth Amendment claim was invalid, and dismissed it. *Baker*, 84 F.4th at 385-88. As a result, no federal jurisdiction remained in the district court under 28 U.S.C. § 1331. Baker's state law claim under the Texas Constitution, therefore, should have been dismissed without prejudice to re-filing in state court. To reiterate, federal courts generally "decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Enochs,* 641 F.3d at 161. *See also United Mineworks of Am. v. Gibbs,* 383 U.S. 715, 726 (1966) (federal courts should avoid '[n]eedless decisions of state law.'")). In this case, therefore, because Baker's federal law claims were dismissed, the district court should have declined to exercise supplemental jurisdiction over Baker's remaining state law claim. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining

**BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS - Page 17**

state-law claims when all federal-law claims are eliminated ….”); *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (same) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989)). *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (explaining that when all federal law claims are eliminated, the district court has a powerful reason to choose not to continue to exercise jurisdiction.”).

In denying the City’s dismissal motion urging the non-exercise of supplemental jurisdiction, the district court reviewed the statutory factors vis-à-vis the remaining state takings issue, and found that: (1) the state takings claim was indeed novel or complex, (2) the second and third factors—the dismissal of Baker’s federal claim meant Baker’s state claim dominated—were satisfied, but (3) there were no compelling reasons to decline jurisdiction. ROA.25-40396.1055-1056. Specifically, the district court determined that while “Baker’s state law claim *did* raise a novel or complex issue of State law” (italics emphasis in original), it had already decided the issue in its April 29, 2022, order granting summary judgment to Baker, and “found no reason to revisit that analysis.”[3] ROA.25-40396.1056. The

---

[3] As discussed herein, however, the district court should have revisited its analysis in light of this Court’s reliance on the necessity exception in *Baker*, which was an issue mentioned in *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980), by the Texas Supreme Court as something the City of Houston might pursue upon remand there. The *Steele* opinion, however, did not examine the necessity exception because it was not presented; *Steele* concerned whether a municipality is immune from takings claims, and reversed the grant of summary judgment to the City of Houston on that basis. *Steele*, 603 S.W.2d at 791-92. Further, as discussed below, whether Baker state a

district court also reviewed the common law factors used to consider the exercise of supplemental jurisdiction, and determined that consideration of those factors did not compel a determination to not exercise the court's "wide discretion" and retain supplemental jurisdiction because only "minimal state law analysis [is] needed to finally resolve this dispute." ROA.25-40396.1056-1057.

Contrary to the district court (ROA.25-40396.1055-1057), this Court should find that the statutory and common law factors weigh in favor of declining to retain supplemental jurisdiction of Baker's remaining state law claim. In *Baker*, this Court held that because the damage to Baker's Property during the hostage crisis was objectively necessary to prevent imminent harm to another person, Baker thus had not suffered a taking, and the Fifth Amendment did not require the City to compensate Baker. *Baker*, 84 F.4th at 385-88. The remaining state law takings claim raises novel issues of solely state law—asserting a claim of unlawful taking in violation of Article I, § 17 of the Texas Constitution—allegedly brought under *Steele*, ***yet now affected by this Court's recognition of a necessity exception***. In other words, even though the district court determined Baker's state takings claim in April 2022, the novel state law issue presented by this case now is whether a state

---

claim under Article I, § 17 of the Texas Constitution in the face of Baker's consent given to the McKinney Police Department to respond to and address the criminal hostage situation in her residence was glossed over by the district court. *Compare* ROA.25-40396.135 (discussing the consent issue), *with* ROA.25-40396.437-439 (concluding that Baker stated a claim under Article I, §17 of the Texas Constitution).

takings claim exists in the face of a necessity exception.

The Texas Supreme Court has characterized caselaw on takings under Article I, § 17 as "consistent with federal jurisprudence." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 477 (Tex. 2012). This is so because the Texas Supreme Court has described Article I, § 17 of the Texas Constitution as "comparable" to the Takings Clause of the United States Constitution. *Hallco Tex, Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 56 (Tex. 2006). Yet, since this Court's decision in *Baker*, there has been no Texas Supreme Court decision determining whether *Baker* guides state law in this area. To date, the Texas Supreme Court has recognized *Baker*. In *Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12 (Tex. 2024), the Court mentioned that there are recognized defenses and exceptions to inverse condemnation claims, including historical limitations such as when the government was acting upon great public necessity. *Self*, 690 S.W.3d at 27 n. 16 (citing both *Steele* and *Baker*). Additionally, in *The Commons of Lake Houston, Ltd. v. City of Houston, Texas*, 711 S.W.3d 666 (Tex. 2025), the Court recognized that an important public policy, purpose or interest may excuse a government's liability for a taking, but because no such issue was presented, the Court "need not explore that concept in this case." *Lake Houston*, 711 S.W.3d at 680 n. 39 (citing *Baker*). Thus, state law remains unsettled in this area.

These are complex and novel unresolved issues to be decided by state courts

under the Texas Constitution and state inverse condemnation law. *See Enochs*, 641 F.3d at 159-160 (favoring remand when plaintiff's claim concerns a novel Texas state law issue). The *Steele* decision relied upon by Baker was a reversal of summary judgment granted to the City of Houston on immunity grounds, and did not evaluate the necessity exception's applicability. *Steele*, 603 S.W.2d at 791-92. The district court's determination that this Court's decision in federal law provided no reason to revisit the state takings issue was an inappropriate side-step. ROA.25-40396.1056. Further, the consent issue has been completely overlooked in this case. *Compare* ROA.25-40396.135 (discussing the consent issue in state takings law), *with* ROA.25-40396.437-439 (concluding that Baker stated a claim under Article I, § 17 of the Texas Constitution). *See, e.g., Self*, 690 S.W.3d at 27 (noting that the text of Article I, § 17 itself recognizes consent as a defense to a takings claim). There is no Texas decision addressing the consent issue under facts similar to those presented in this case.

The common law factors also favor declining supplemental jurisdiction: (1) the merits of the state law claim were not addressed by this Court's decision (*Baker*, 84 F.4th at 388), and the district court's analysis of the state law claim in its previous ruling (ROA.25-40396.437-439) has now been altered by this Court's recognition of a necessity exception to the federal Takings Clause; (2) it is certainly convenient for the case to be heard in a Texas state court in Collin County which includes the

City of McKinney; (3) it is fair to have purely Texas state law claims heard in Texas state court; and (4) dismissal would serve the important interests of federalism and comity, because federal courts are courts of limited jurisdiction that "often are not as well equipped for determinations of state law as are state courts." *Parker*, 972 F.2d at 588-89. This is particularly true where the Texas Supreme Court, in *Steele*, referenced the possibility of application of the necessity exception, leaving that issue for further factual development by the City of Houston upon remand. *Steele*, 603 S.W.2d at 792.[4] Further, as discussed below, notwithstanding the procedures in this case to date, trial did not include evidence or jury findings on Baker's state takings claim.

Justice would be best served by a Texas state court applying and interpreting these important and novel issues of Texas law. *See, e.g.*, *Hernandez v. Dallas Indep. Sch. Dist.*, 2015 WL 6736647, at *2 (N.D. Tex., No. 3:14-CV-0022-BK, Nov. 4, 2015) (mem. op.) (declining to exercise supplemental jurisdiction over a remaining state law claim based solely on Texas statutes). Dismissal should be without prejudice so that Baker may refile her claim in state court. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 236 (5th Cir. 1999) ("The dismissal of the pendant claims

---

[4] To reiterate, *Steele* concerned whether the pretrial grant of summary judgment dismissal in favor of the City of Houston based upon governmental immunity should be reversed. *Steele*, 603 S.W.2d at 791-92. The Texas Supreme Court has not addressed the applicability of the necessity exception under facts similar to this case.

should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court."). This Court, therefore, should reverse the district court's judgment and dismiss Baker's remaining state law claim pursuant to the factors applicable to 28 U.S.C. § 1367(c) and the authorities cited above. *See also Brookshire Bros.*, 554 F.3d at 602 ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated ...."); *Parker & Parsley Petrol. Co.*, 972 F.2d at 585 (same) (citing *Wong*, 881 F.2d at 204). *See also Carnegie-Mellon Univ.*, 484 U.S. at 351 (explaining that when all federal law claims are eliminated, the district court has a powerful reason to choose not to continue to exercise jurisdiction).

It is anticipated that Baker may rely upon dicta in a Seventh Circuit case that suggests the contrary. *See* ROA.25-40396.1000 (citing *Myers v. County of Lake, Ind.*, 30 F.3d 847, 849 (7th Cir. 1994)). *Myers* is not binding on this Court, and should be disregarded, where that court discussed jurisdiction issues *sua sponte* when neither side questioned the exercise of supplemental jurisdiction. *Id*. Thus, *Myers* is not persuasive because of its factual and procedural differences.

It is anticipated that Baker may also assert there are no novel or complex issues of law that favor dismissal without prejudice to provide Texas courts the opportunity to review, analyze and apply Texas law in light of this Court's decision in this case. *See* ROA.25-40396.1001-1002. The effect of this Court's prior ruling,

**BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS - Page 23**

however, undermines the district court's previous ruling on Baker's state law takings claim and the district court's reliance on *Steele*. *Steele* did not, as Baker may contend, discard, undermine or weaken the public necessity exception to the takings clause. In reversing the grant of summary judgment by the trial court, the Texas Supreme Court stated: "The defendant City of Houston may defend its actions by proof of a great public necessity." *Steele*, 603 S.W.2d at 792. *Steele* was reversed by the Texas Supreme Court, and apparently settled thereafter; there is no further reported case activity.

In the instant case, there was no need for the City to specifically provide proof of a great public necessity in the context of Baker's repeated statements and evidence that the McKinney Police Department's work was impeccable and necessary, and that there was no dispute about the police officers' professional and reasonable actions. *See Baker*, 84 F.4th at 388 ("… as Baker herself claims, it was objectively necessary for officers to damage or destroy her property in an active emergency to prevent imminent harm to persons."). Baker has cited no Texas case that addressed such facts in light of *Steele*. ROA.25-40396.999-1003.

It is anticipated that Baker may assert that *Lake Houston* confirms the viability of *Steele*. *See* ROA.25-40396.1013-1045. Baker's reliance on *Lake Houston* would be misplaced. *See* ROA.25-40396.1046-1049. In *Lake Houston*, suit was brought by a real estate developer against the City of Houston alleging inverse condemnation

**BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS - Page 24**

and asserting that the city's amended ordinances that increased the elevation requirements for construction in a flood plain caused a regulatory taking of the developer's property under the Texas Constitution. *Lake Houston*, 711 S.W.3d at 673-74. The city's ordinance amendments were prompted by the flooding caused by Hurricane Harvey in 2017. *Id*. There was no law enforcement damage at issue. *Id*.

Thus, *Lake Houston* does not address or overrule the situation where, as here, Baker's federal law takings claim was dismissed and a state takings claim remains, nor does it alter the Texas Supreme Court's previous rulings that state takings claims are to be consistent with federal takings jurisprudence. Further, *Lake Houston* did not address the issue of whether a state takings claim exists in the face of a necessity exception ***under the facts of this case concerning reasonable police operations***. Thus, the general discussion of *Steele* in *Lake Houston* does not inform this Court's decision here.[5]

It is further anticipated that Baker may assert that *Steele* has been cited with approval recently, referring to *Self*. True enough, *Self* mentioned *Steele* and *Baker* in the same breath. *Self*, 690 S.W.3d at 27 n. 16. But *Self* did not concern law enforcement actions comparable to the events giving rise to Baker's claim. *Id*.

---

[5] A petition for writ of certiorari was filed with the United States Supreme Court by the City of Houston on September 2, 2025, in Case No. 25-242, in the *Lake Houston* case.

Instead, *Self* concerned a complaint raising inverse condemnation claims for TxDOT's intentional destruction of the plaintiffs' trees when clearing TxDOT's right-of-way. *Id.* Here, the district court ignored state inverse condemnation principles in this case. *Compare* ROA.25-40396.296-298, *with* ROA.25-40396.648-651. Baker's reliance on *Self* is, therefore, not informative to the analysis of issues raised in this appeal.

This Court found that the basis for recovery under Baker's Fifth Amendment Takings claim was undermined by the necessity exception as a matter of law, therefore, the basis for recovery under Baker's takings claim under Article I, § 17 of the Texas Constitution should have also been found wanting as a matter of law. *Compare* ROA.25-40396.648-651, *with Baker*, 84 F.4th at 385-88.

The novel and complex status of the remaining state law takings claim coupled with the undeniable fact that the remaining state takings claim dominates over the dismissed federal claim that provided the district court with original jurisdiction, and that there are no exceptional circumstances or compelling reasons warranting the retention of supplemental jurisdiction, the district court's decision to exercise supplemental jurisdiction was an abuse of discretion. This Court should find that supplemental jurisdiction should be denied, reverse the district court's judgment, and order this case dismissed without prejudice to the refiling thereof in state court.

## C.    The District Court Mis-Applied State Law, Requiring Reversal.

After this case was remanded to the district court, rather than file a motion for judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure, or a motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, or a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure, Baker filed a "reelection of remedy" document in an apparent belief that such unusual procedure is available in this case to request entry of a new judgment in Baker's favor under Baker's remaining state law takings claim. ROA.25-40396.966-967.  Given the procedural history of this case, and the effect of this Court's dismissal of Baker's federal claims, an ersatz "reelection of remedy" attempt to request entry of a new judgment by Baker did not comply with state law, and should have been denied.  Likewise, the district court mis-applied state law when it found the City liable under Baker's state takings claim because state law, as modified by this Court's recognition of the necessity exception, and the Texas Supreme Court's mention of the possible availability of that exception in *Steele*, and the possible effect of the overlooked consent issue, mandated dismissal of Baker's state takings claim for determination by state courts.  Further, the district court mis-applied state law by entering a monetary judgment against the City under Baker's state takings claim when Baker failed to satisfy the appropriate state law measure of damages.  These are matters of first impression in this Circuit.

(1)    Texas Takings Claim: Applicable State Law

In Texas, Article I, § 17 of the Texas Constitution is the state's "takings clause." *State v. Holland,* 221 S.W.3d 639, 643 (Tex. 2007). The takings clause prohibits a governmental entity from taking, damaging or destroying private property for public use without providing adequate compensation, unless consented to by the property owner. *Id.* Under the Texas Constitution, damage or destruction of private property by a governmental entity without consent or compensation is a form of taking called inverse condemnation. *Tarrant Regional Water Dist. v. Gragg,* 151 S.W.3d 546, 554 (Tex. 2004). Such damage, however, must result from an intentional act of the government entity in order to establish liability against a governmental entity; damage caused by mere negligence of the governmental entity is not sufficient to establish an inverse condemnation claim, and in such cases the governmental entity's immunity remains intact. *Id.* (citing *City of Tyler v. Likes,* 962 S.W.2d 489, 505 (Tex. 1997)).

To establish an inverse condemnation claim, therefore, the property owner must show (1) an intentional governmental act; (2) that resulted in the taking, damaging, or destroying of the owner's property; (3) for public use. *Singer v. State,* 391 S.W.3d 627, 631 (Tex.App.-El Paso 2012, pet. denied). For the governmental entity to be liable for an inverse condemnation claim based on property damage, the plaintiff must show that the governmental entity: (1) knows that a specific act is

causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action, *i.e.*, the damage is necessarily an incident to, or necessarily a consequential result of, the government's action. *Gragg*, 151 S.W.3d at 555; *City of Dallas v. Jennings,* 142 S.W.3d 310, 314 (Tex. 2004).

To show the requisite intent to establish an inverse condemnation claim, "it is not enough merely to allege that the act causing the damage was intentional." *Thornton v. Northeast Harris County MUD 1,* 447 S.W.3d 23, 33 (Tex.App-Houston [14th Dist.] 2014, pet. denied) (citing *Jennings,* 142 S.W.3d at 314 ("[t]his definition comports with the definition of 'intent' in the Restatement of Torts. . ."). The plaintiff must assert that the governmental entity knew a specific action was causing an identifiable harm, or that damage was substantially certain to occur. *Id.* This "heightened intent standard" applies whenever a plaintiff asserts an inverse condemnation claim based on property damage. *Id. See also City of Arlington v. State Farm Lloyds,* 145 S.W.3d 165, 168 (Tex. 2004) ("In *Jennings,* we held that a heightened intent standard is indeed necessary to support a takings claim . . .").

(2)     Texas Election of Remedies Law Was Mis-Applied.

(a)     Election of Remedies: the Appropriate Legal Standards

Federal courts apply Texas law concerning election of remedies concerning state law claims, as the district court generally noted. ROA.25-40396.1057 (citing

*Whiteside v. Cimble Corp.*, 2024 WL 3825237, at *4 (E.D. Tex., No. 4:17-CV-404-KPJ, Aug. 14, 2024)). *See also Malvino v. Delluniversita*, 840 F.3d 223, 233 (5th Cir. 2016). "A party that tries a case on alternative theories of recovery and obtains jury findings favorable on two or more theories has the right to a judgment on the theory entitling it to the greatest relief." *St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622, 630 (Tex.App.-Dallas 1992, writ denied) (citing *Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988)). *See also Quest Medical, Inc. v. Apprill*, 90 F.3d 1080, 1085 n. 5 (5th Cir. 1996) (citing state law). Under Texas law, "[a] party is not entitled to a double recovery." *Matter of 3 Star Properties, L.L.C.*, 6 F.4th 595, 612 (5th Cir. 2021). A double recovery exists when a plaintiff obtains more than one recovery for the same injury. *See Estate of Lopez*, 2021 WL 2252138, at *11 (Tex.App.-Waco, No. 10-18-00278-CV, May 21, 2021, pet. denied) (mem. op.). If a jury returns favorable findings on alternative theories, the prevailing party may "elect prior to judgment the recovery he wants by waiving the surplus findings with respect to the damages." *Kish v. Van Note,* 692 S.W.2d 463, 466-67 (Tex. 1985). This election of remedies doctrine is the "choosing of one or "more inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts." *Custom Leasing, Inc. v. Texas Bank & Trust Company of Dallas*, 491 S.W.2d 869, 871 (Tex. 1973). The purpose of the doctrine of election

of remedies is to prevent double recovery for a single wrong. *Weeks Marine, Inc. v. Salinas*, 225 S.W.3d 311, 322 (Tex.App.-San Antonio 2007, pet. dism'd).

> (b)    The Mis-Application of State Law Concerning Election of Remedies

In this case, Baker did not comply with the foundational element of the election of remedies doctrine because she did not try this case to the jury on two alternate theories of recovery. After obtaining favorable summary judgment rulings on both her state law and federal law takings claims (*see* ROA.25-40396.618-651), Baker chose to recover under, and presented evidence on only, her federal takings claim. ROA.25-40396.797-814; ROA.25-40396.1198:8-1199:2; ROA.25-40396.1275-1326; ROA.25-40396.1533-1550.

Neither Baker's pleadings nor Baker's evidence satisfied state law requirements to state a claim or recover under Article I, § 17 of the Texas Constitution. ROA.25-40396.681-692; ROA.25-40396.1275-1326; ROA.25-40396.1533-1550. Moreover, Baker did not address the consent issue in the context of her daughter consenting to Mr. Little's entry into the residence and concealing the stolen Corvette automobile in Baker's garage, and also considering Baker's call for police assistance to her residence to address the criminal hostage situation. ROA.25-40396.681-692; ROA.25-40396.1275-1326; ROA.25-40396.1533-1550. As a result, Baker failed to prove an alternate theory of recovery. There was thus no alternate remedy available under Texas election of remedies jurisprudence. *St. Paul*

*Ins. Co.*, 838 S.W.2d at 630.

Baker asserted that she sought monetary relief over $50,000. ROA.25-40396.681-682. Baker's general proof of damages was insufficient under Texas law applicable to state takings inverse condemnation claims. Baker failed to prove the value of her residence before the alleged taking, and the diminution of value of the property at the time of the alleged taking. ROA.25-40396.1275-1326; ROA.25-40396.1533-1550. Monetary damages for inverse condemnation claims are based on the diminution of value of the property at the time of taking. *Barshop,* 442 S.W.2d at 685. No such evidence was provided by Baker at trial. ROA.25-40396.1275-1326; ROA.25-40396.1533-1550. As a result, Baker failed to provide sufficient information on her inverse condemnation takings claim to recover under her claim as an alternate remedy. The district court's conclusion that Baker's state takings claim was available as an alternate remedy was error.

     (3)    <u>Texas Takings Law Was Mis-Applied</u>

The Fifth Circuit's decision in this case found that Baker cannot recover under a takings claim under the Fifth Amendment based on the necessity exception. *Baker*, 84 F.4th at 388. That decision altered the basis for the district court's previous determination of liability against the City under the Texas Constitution. Yet, the district court determined that a re-evaluation of Baker's Texas takings claim was not

necessary. ROA.25-40396.1055-1057. That determination was a mis-application of state law.

In Texas, caselaw on takings under Article I, § 17 is "consistent with federal jurisprudence." *Hearts Bluff*, 381 S.W.3d at 477. *See also Hallco Tex. Inc.*, 221 S.W.3d at 56 (Article I, § 17 of the Texas Constitution is "comparable" to the Takings Clause of the United State Constitution). The district court noted these Texas case decisions. ROA.25-40396.648-649. Here, the basis for the district court's liability finding on Baker's takings claims was changed in the *Baker* decision. If the basis for recovery under the Fifth Amendment has now been reversed and dismissed based on the necessity exception, then so, too, should the basis for recovery under the Texas Constitution be reversed and dismissed based on the necessity exception. *Compare* ROA.25-40396.648-649, *with Baker*, 84 F.4th at 385-88. In other words, there is now no further jurisprudential mutuality sufficient to support Baker's claim under Article I, § 17 of the Texas Constitution.

Further, the district court's basis for finding the City liable under the Texas Constitution was based upon *Steele*. ROA.25-40396.649; ROA.25-40396.1061. Relying on *Steele* is now no longer apt, because *Steele* did not concern or address a necessity exception vis-à-vis the Texas Constitution's takings clause in the context of police operations, instead leaving the development of that issue to further litigation on remand. *Steele*, 603 S.W.2d at 789-92. Because federal takings

jurisprudence in federal courts subject to Fifth Circuit decisions is governed by a necessity exception, it would appear by extension to be the case that a necessity exception should likewise result in dismissal of Baker's state takings claim. *Hearts Bluff*, 381 S.W.3d at 477. With the basis for Baker's takings claim under the Texas Constitution now being legally undermined, the district court mis-applied state takings law in this regard, particularly where the *Baker* decision, coupled with the absence in *Steele* of addressing a claim under Article I, § 17 concerning the necessity exception or the consent issue, constituted an unknown and unsupported foray into state takings jurisprudence.

(4)   The Measure of Damages Used at Trial Did Not Apply Texas Takings Law to Support Damages Under State Law.

In the subject Final Judgment, the district court awarded Baker the same amount of damages as was found by the jury on Baker's federal takings claim. ROA.25-40396.1063.[6] Those damages were based on Baker's repair costs and estimates of value. ROA.25-40396.1275-1326; ROA.25-40396.1533-1550. Baker chose that measure of damages specifically, rather than also prove the state law measure of damages of the fair market value of the Property before and fair market

---

[6] Notably, the district court interpreted *Baker* as only reversing its liability determination against the City, yet "left undisturbed the damages award," and distinguishes the jury verdict as one that remains. ROA.25-40396.1060. *Baker*, however, vacated the entire judgment in Baker's favor. *Baker*, 84 F.4th at 389 ("We therefore VACATE the § 1983 judgment in her favor and REMAND for further proceedings."). Under either view of the effect of *Baker*, however, as set forth herein, the monetary damages entered by the district court does not comply with state law.

value of the Property after the incident. ROA.25-40396.1198:8-1199:2. Baker did testify that she sold the home after all repairs were made for $5,000.00 more than her asking price before the incident. ROA.25-40396.1314:22-1315:3. Nonetheless, there was no compliance with state takings law jurisprudence applicable to the appropriate measure of damages when pursuing an inverse condemnation claim, *i.e.*, a takings claim alleging damage to property as opposed to a physical taking of property. *Barshop*, 442 S.W.2d at 685 (money damages for inverse condemnation claims are based on the diminution of value of the property at the time of the taking).

Baker never alleged or quantified her loss of personal property before trial. ROA.25-40396.476-477 (Baker's list of repair expenses); ROA.25-40396.710-715 (Baker's deposition page 20, line 13 to page 38, line 17). Nonetheless, Baker was allowed to testify about the purchase cost of various personal property items that were damaged as a result of the police officer's actions in resolving the hostage standoff at her residence, but did not provide any testimony as to the fair market value of those items. ROA.25-40396.1283:4-1301:3. The jury then awarded $15,100.83 to Baker for the loss of personal property, over the City's objection for lack of evidence, of even allowing the issue to proceed to the jury. ROA.25-40396.1423:6-12; ROA.25-40396.814.

A court may grant a new trial when the jury's verdict is "against the weight of the evidence." *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 701-702 (5th Cir. 2012).

A jury verdict is against the weight of the evidence when "there is no legally sufficient evidentiary basis for a reasonable jury to find" as the jury did. *Int'l Ins. Co. v. RSR Corp.,* 426 F.3d 281, 296-297 (5th Cir. 2005). When determining whether a jury's verdict is against the weight of the evidence, this Court does not have to view the evidence in the light most favorable to the non-moving party. *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 612-13 (5th Cir. 1985). While the district court should not merely substitute its opinion over the jury's, "'[i]f the trial judge is not satisfied with the verdict of a jury, he has the right – and indeed the duty – to set the verdict aside and order a new trial.'" *Id.* (quoting C. Wright, *Federal Courts* 634 (4th ed. 1983)). This duty has "long been regarded as an integral part of trial by jury." *Id.* at 613 (citing C. Wright, *Federal Courts*, at 633).

The district court did not comply with that duty and denied the City's motion for new trial. ROA.25-40396.918-937. The district court instructed the jury that just compensation for personal property damages is based on evidence about the "fair market value" of the property at the time of taking. ROA.25-40396.807-808. "Fair market value" was defined as:

> … the amount that would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling, and both sides are fully informed about all the advantages and disadvantages of the property.

ROA.25-40396.808.   The district court explained that "[t]he burden is on the property owner to prove, by a preponderance of the evidence, the fair market value of the property on the date of the taking."  ROA.25-40396.808.

Baker provided absolutely no evidence to the jury about the fair market value of her alleged personal property damage in accordance with Texas law.  ROA.25-40396.1275-1326; ROA.25-40396.1533-1550.  With no evidence of the fair market value of Baker's damaged Property both before and after the taking, the verdict awarding Baker $59,656.59 for the loss of personal property and repair of the Property was not supported by sufficient evidence of fair market value under Texas inverse condemnation jurisprudence.  *Barshop*, 442 S.W.2d at 685.  The City's objection to the jury verdict form, and to allowing this issue to proceed to the jury, was improperly overruled by the district court.  ROA.25-40396.1424:23.  Thus, the district court's orders and Final Judgment should be reversed because they mis-applied Texas takings law.

**VI.**
**<u>CONCLUSION</u>**

The district court's exercise of supplemental jurisdiction over Baker's lone remaining claim, *i.e.*, a state law takings claim, was an abuse of discretion in this case.  The district court then mis-applied state law in Baker's favor.  The district court's rulings should be reversed, and this case should be dismissed so that Texas

state courts may review, address and decide the unique and unprecedented issues remaining in this case.

WHEREFORE, PREMISES CONSIDERED, Appellant City of McKinney, Texas, prays that this Court reverse the district court's pre-trial and post trial rulings, vacate the Final Judgment, and render a decision in the City's favor that Baker's state takings claim should be dismissed without prejudice to the re-filing thereof in state court.  The City prays for such other and further relief to which it is justly entitled.

Respectfully submitted,

By: _s/ Edwin Armstrong Price Voss, Jr._
Edwin Armstrong Price Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

Attorney for Appellant
City of McKinney, Texas

**<u>BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS</u> - Page 38**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies an electronic version of this document was served by the Court's ECF system, upon counsel for Appellee, Messrs. Suranjan M. Sen, Jeffrey H. Redfern, William R. Aronin, and Robert McNamara, INSTITUTE FOR JUSTICE, 901 North Glebe Road, Suite 900, Arlington, Virginia  22203, on the 16th day of September, 2025.

By:   *s/ Edwin Armstrong Price Voss, Jr.*
Edwin Armstrong Price Voss, Jr.
Attorney for Appellant
City of McKinney, Texas

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 8,657 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(f).

The undersigned further hereby certifies that this brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word 2016 in 14 point font size (12 point font size for footnotes) in Times New Roman type style.

By:  *s/ Edwin Armstrong Price Voss, Jr.*
Edwin Armstrong Price Voss, Jr.
Attorney for Appellant
City of McKinney, Texas

Dated:  September 16, 2025