IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 25-40396

_____

VICKI BAKER,

Plaintiff - Appellee

v.

CITY OF MCKINNEY, TEXAS,

Defendant - Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

_____

## <u>**REPLY BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS**</u>

Edwin Armstrong Price Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

Attorney for Appellant
City of McKinney, Texas

November 6, 2025

# **TABLE OF CONTENTS**

Table of Contents ............................................................................ i

Table of Authorities ....................................................................... ii

I.      Statement of Jurisdiction ....................................................1

II.     Statement of Issues Presented for Review ..........................2

III.    Statement of the Case .........................................................2

IV.     Argument and Authorities ..................................................3

    A.      Standards of Review ...................................................3

    B.      The District Court's Exercise of Supplemental Jurisdiction Was An Abuse of Discretion ............................................................4

    C.      The District Court Mis-Applied State Law, Requiring Reversal .........7

        (1)     Texas Takings Claim: Applicable State Law ...........7

        (2)     Texas Election of Remedies Law Was Mis-Applied ...............7

            (a)     Election of Remedies: the Appropriate Legal Standards ...............7

            (b)     The Mis-Application of State Law Concerning Election of Remedies.........8

        (3)     Texas Takings Law Was Mis-Applied .....................9

        (4)     The Measure of Damages Used at Trial Did Not Apply Texas Takings Law to Support Damages Under State Law .............................. 10

Prayer ........................................................................................ 14

Signature ................................................................................... 14

Certificate of Service ................................................................ 15

Certificate of Compliance ......................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Baker v. City of McKinney, Texas*, 84 F.4th 378 (5th Cir. 2023) ............... 2, 5, 6, 11

*Barshop v. City of Houston,* 442 S.W.2d 682 (Tex. 1969) ........................... 9, 11, 12

*City of Abilene v. Burk Royalty Company*, 470 S.W.2d 643 (Tex. 1971) .... 9, 11, 12

*City of Carrollton v. RIHR Inc.*, 308 S.W.3d 444 (Tex. 2010) ........................ 12, 13

*Enochs v. Lampasas Cnty.*, 641 F.3d 155 (5th Cir. 2011) ......................................... 6

*Hallco Tex, Inc. v. McMullen Cnty.*, 221 S.W.3d 50 (Tex. 2006) ............................ 5

*Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468 (Tex. 2012) ..................... 5

*Myers v. County of Lake, Ind.*, 30 F.3d 847 (7th Cir. 1994) ...................................... 4

*St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622 (Tex.App.-Dallas 1992, writ denied) . 8

*Steele v. City of Houston,* 603 S.W.2d 786 (Tex. 1980) ................................... 6, 7, 9

*Tarrant Regional Water Dist. v. Gragg*, 151 S.W.3d 546 (Tex. 2004) ................... 11

*Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12 (Tex. 2024) ....................................... 5

*The Commons of Lake Houston, Ltd. v. City of Houston, Texas*, 711 S.W.3d 666
    (Tex. 2025) ........................................................................................................... 6

*Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607 (5th Cir. 2018) ................... 13

**Statutes**

5th Cir.R. 28 ............................................................................................................... 2

Fed.R.App.P. 28 ..................................................................................................... 1, 2

Fed.R.App.P. 31 ......................................................................................................... 1

Fed.R.App.P. 32 ....................................................................................................... 16

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 25-40396
_____

VICKI BAKER,

Plaintiff - Appellee

v.

CITY OF MCKINNEY, TEXAS,

Defendant - Appellant

## REPLY BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS

Defendant-Appellant City of McKinney, Texas ("Appellant" or "City"), pursuant to Fed.R.App.P. 28(c) and 31(a)(1), respectfully submits the following Reply Brief in response to the Brief for Plaintiff-Appellee, filed on October 16, 2025 ("Appellee's Brief").

## I.
## STATEMENT OF JURISDICTION

Plaintiff-Appellee Vicki Baker ("Plaintiff," "Appellee" or "Baker") does not dispute the City's Statement of Jurisdiction. *Compare* the Brief of Appellant City of McKinney, Texas, filed September 16, 2025 ("Appellant's Brief"), *with* Appellee's Brief, generally.

**II.**
**STATEMENT OF ISSUES PRESENTED FOR REVIEW**

The issues presented by this appeal are listed in Appellant's Brief, at p. 4.  In Appellee's Brief, however, there appear purported different issues listed on pages 1-2, yet Baker does not indicate any dissatisfaction with the issues presented by the City, pursuant to Rule 28(b) of the Federal Rules of Appellate Procedure.  The City objects to the issues listed in Appellee's Brief to the extent that they differ from the issues listed in the City's principal brief.

**III.**
**STATEMENT OF THE CASE**

Appellee's Brief does not dispute the City's Statement of the Case, or the Procedural History, set forth on pages 5-10 of the Appellant's Brief.  Baker, however, does appear to disagree with the City's Statement of Facts in certain respects, by either mis-characterizing or mis-stating the evidence.  *Compare* Appellant's Brief, pp. 8-10, *with* Appellee's Brief, pp. 2-8.  The court is familiar with the background facts and procedural history of this case, so those matters need not be belabored.  *See Baker v. City of McKinney, Texas*, 84 F.4th 378, 379-82 (5th Cir. 2023).

On pages 6-8 of Appellee's Brief, however, Baker presents legal argument concerning whether the jury instructions were correct; inserting argument in this section is not proper.  Fed.R.App.P. 28(a)(6); 5th Cir.R. 28.3(g).  Baker takes issue

with the City's position that trial was actually only on Baker's federal takings claim. Appellee's Brief, p. 6 n. 2.   That is indeed the City's position based on Baker's decision before trial to choose the measure of damages to be based on Baker's repair costs and estimates of value, rather than prove the state law measure of damages in an inverse condemnation case of the fair market value of the Property before and after the incident.  Since Baker made the choice before trial to not prove her damages claim on the proper measure of damages under state law, she thus failed to prove her state takings claim damages.  *See* Appellant's Brief, pp. 32-37.  Baker's belief that the City was required to object to Baker's decision on the measure of damages to ensure that she can recover adequately under both federal and state law overlooks the reality that damage issues are the exclusive realm of the plaintiff, and there is no rule that requires a defendant to correct the plaintiff's now apparent mistake when doing so would be against the defendant's interests.  This issue is discussed further on pp. 7-12, below.

## IV.
## ARGUMENT AND AUTHORITIES

A.    **Standards of Review.**

Appellee's Brief does not refute or address the City's statements of the applicable standards of review.  *Compare* Appellant's Brief, pp. 12-15, *with* Appellee's Brief, p. 11.  Baker adds two additional standards of review concerning jury instruction and property value issues, citing federal case law in support of those

standards. Appellee's Brief, pp. 11-12. The City disagrees with Baker's federal standards because the issues now concern Baker's recovery under state law, and state law standards should govern. At the very least, the failure to cite state law regarding jury instruction and property value standards of review is another instance to support the City's position that this case should be reversed and dismissed without prejudice so that Baker can proceed in state court for state law evaluation of her remaining state takings claim.

**B.     The District Court's Exercise of Supplemental Jurisdiction Was An Abuse of Discretion.**

Baker asserts that the district court's exercise of supplemental jurisdiction was proper and not an abuse of discretion. Appellee's Brief, pp. 12-17. As anticipated (Appellant's Brief, p. 23), Baker asserts dicta from *Myers v. County of Lake, Ind.*, 30 F.3d 847, 849 (7th Cir. 1994) that "One trial per case is enough" in support of her argument. Appellee's Brief, p. 15. *Myers* is not binding on this Court, and should be disregarded as inapposite, where the *Myers* court discussed jurisdiction issues *sua sponte* when neither side questioned the exercise of supplemental jurisdiction. Appellant's Brief, p. 23.

Baker's general statements about why the district court's retention of supplemental jurisdiction was appropriate do not adequately address the details of the statutory and common law factors applicable to such determinations. *Compare* Appellant's Brief, pp. 15-26, *with* Appellee's Brief, pp. 12-17. As set forth in the

<u>**REPLY BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS**</u> **- Page 4**

City's principal brief, this Court should find that the statutory and common law factors weigh in favor of declining to retain supplemental jurisdiction of Baker's remaining state law claim, particularly because this Court held that since the damage to Baker's Property during the hostage crisis was objectively necessary to prevent imminent harm to other persons, Baker thus had not suffered a taking, and the Fifth Amendment did not require the City to compensate Baker. *Baker*, 84 F.4th at 385-88. The remaining state takings claim jurisprudence is now affected by this Court's recognition of a necessity exception. *Id*. In other words, even though the district court determined liability on Baker's state takings claim in April 2022, as Baker stresses in her brief, the novel state law issue presented by this case now, in light of this Court's decision, is whether a state takings claim exists in the face of a necessity exception.

Caselaw on takings under Article I, § 17 is to be "consistent with federal jurisprudence." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 477 (Tex. 2012); *Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 56 (Tex. 2006). As mentioned in the City's principal brief (Appellant's Brief, pp. 20-21), the Texas Supreme Court has recognized *Baker,* after it was decided, yet has not addressed the application of the necessity exception in the context of the facts of this case. *See, e.g., Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12, 27 n. 16 (Tex. 2024) (recognizing that there are recognized defenses and exceptions to inverse condemnation claims,

including historical limitations such as when the government was acting upon great public necessity) (citing *Steele v. City of Houston,* 603 S.W.2d 786 (Tex. 1980)*,* and *Baker*); *The Commons of Lake Houston, Ltd. v. City of Houston, Texas*, 711 S.W.3d 666, 680 n. 39 (Tex. 2025) (recognizing that an important public policy, purpose or interest may excuse a government's liability for a taking, but no such issue was presented) (citing *Baker*).  State law remains unsettled in this area, particularly after this Court's decision, and the district court inappropriately overlooked the importance of these issues, and disregarded the effect of this Court's decision on state takings law.  Declining to exercise supplemental jurisdiction in this case would have been the correct decision because these are complex and novel unresolved issues to be decided by state courts under the Texas Constitution and state inverse condemnation law.  *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159-160 (5th Cir. 2011) (favoring remand when plaintiff's claim concerns a novel Texas state law issue).

Rather than repeat the remainder of its argument in response to this section of Baker's brief, please see Appellant's Brief, pp. 17-26.  This Court should find that supplemental jurisdiction should be denied, reverse the district court's judgment, and order this case dismissed without prejudice to the refiling thereof in state court.

**C.      The District Court Mis-Applied State Law, Requiring Reversal.**

(1)      Texas Takings Claim: Applicable State Law

In response to the City's presentation of applicable state inverse condemnation law applicable to Baker's state takings claim, Baker relies solely on *Steele*, asserting not only that it is good law, but also that it controls all remaining state law takings questions in this case. Appellee's Brief, pp. 17-26. Baker does not address Texas inverse condemnation jurisprudence at all. *Id*. As set forth in the City's brief, *Steele* does not answer all of the remaining questions and issues concerning Baker's remaining state law takings claim, and the district court's continued reliance on *Steele* was a misapplication of Texas takings law. Appellant's Brief, pp. 28-29, 32-37. Rather than repeats its argument herein, the City relies on its principal brief as being sufficient to support reversal of the district court's order and judgment. *Id*.

(2)      Texas Election of Remedies Law Was Mis-Applied.

(a)      Election of Remedies: the Appropriate Legal Standards

Although Baker presents a short discussion of election of remedies law on pages 12-13 of Appellee's Brief, Baker does not dispute this section of Appellant's Brief, pp. 29-31.

(b)     The Mis-Application of State Law Concerning Election of Remedies

Baker responds to these issues by relying on the district court's April 2022 summary judgment ruling against the City on the state law takings claim, and calling the City's raising of the consent issue as "nonsense." Appellee's Brief, 13-14, 19-20. Baker does not directly dispute that she did not comply with the foundational element of the election of remedies doctrine because she did not try this case to the jury on two alternate theories of recovery. *Id.*

After obtaining favorable summary judgment rulings on both her state law and federal law takings claims (*see* ROA.25-40396.618-651), Baker chose to recover under, and presented evidence on only, her federal takings claim. ROA.25-40396.797-814;     ROA.25-40396.1198:8-1199:2;     ROA.25-40396.1275-1326; ROA.25-40396.1533-1550.     Neither Baker's pleadings nor Baker's evidence satisfied state law requirements to state a claim or recover under Article I, § 17 of the Texas Constitution.     ROA.25-40396.681-692;  ROA.25-40396.1275-1326; ROA.25-40396.1533-1550.  As a result, Baker failed to prove an alternate theory of recovery.  There was thus no alternate remedy available under Texas election of remedies jurisprudence.  *St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622, 630 (Tex.App.-Dallas 1992, writ denied).  As a result, Baker failed to provide sufficient information on her inverse condemnation takings claim to recover under that claim

as an alternate remedy. The district court's conclusion that Baker's state takings claim was available as an alternate remedy was error. Appellant's Brief, pp. 31-32.

Further, Baker's general proof of damages was insufficient under Texas law applicable to state takings inverse condemnation claims. Appellant's Brief, 32, 34-37. Monetary damages for inverse condemnation claims are based on the diminution of value of the property at the time of taking. *Barshop v. City of Houston,* 442 S.W.2d 682, 685 (Tex. 1969). *See also City of Abilene v. Burk Royalty Company*, 470 S.W.2d 643, 647 (Tex. 1971) (citing *Barshop*). No such evidence was provided by Baker at trial. ROA.25-40396.1275-1326; ROA.25-40396.1533-1550. As a result, Baker failed to provide sufficient evidence on her inverse condemnation takings claim to recover under that claim as an alternate remedy. *See City of Abilene*, 470 S.W.2d at 647 (reversal mandated where requisite elements of an inverse condemnation claim were not shown). Again, the district court's conclusion that Baker's state takings claim was available as an alternate remedy was error. Appellant's Brief, 32, 34-37.

(3)     Texas Takings Law Was Mis-Applied

As mentioned previously, Baker rebuts this section of the City's principal brief by relying solely on *Steele*, and does not address Texas inverse condemnation jurisprudence applicable to Baker's state takings claim. Appellee's Brief, pp. 17-26. Rather than repeat its argument herein, the City's reiterates the argument

presented in this section as if repeated verbatim. Appellant's Brief, pp. 28-29, 32-34. The district court's order and judgment should be reversed for the failure to address complex state takings claim legal issues.

> (4)    The Measure of Damages Used at Trial Did Not Apply Texas Takings Law to Support Damages Under State Law.

As asserted in this section of the City's principal brief, at pp. 34-37, the district court awarded Baker the same amount of damages as was found by the jury on Baker's federal takings claim. ROA.25-40396.1063. Those damages were based on Baker's repair costs and estimates of value. ROA.25-40396.1275-1326; ROA.25-40396.1533-1550. Baker chose that measure of damages specifically, rather than prove the state law measure of damages of the fair market value of the Property before and fair market value of the Property after the incident. ROA.25-40396.1198:8-1199:2. Baker does not dispute that procedural status. Appellee's Brief, pp. 26-30. Instead, Baker levels claims against the City that if there was no compliance with state takings law jurisprudence applicable to the appropriate measure of damages when pursuing an inverse condemnation claim, then that is the fault of the City. *Id*. In other words, Baker's response does not deny the failure to follow state law on takings damages, just that it was the City's responsibility to make sure Baker got it right. *Id*. Baker's response is erroneous.

To reiterate from above, prior to trial, the district court asked Baker what measure of damages Baker wanted to be applicable:

THE COURT: And then the question is the measure of damages. Is the measure of damage just the repair costs? Is it decreasing the value of the property? I don't know that -- I don't know that plaintiff have (sic) ever submitted any requested jury instructions. I was just curious. Is there an agreement that it's just the repair costs? I'm just --

MR. REDFERN: Your Honor, I think repair cost is, and, obviously, the value of the replacement value of the property in the house, is the correct measure.

THE COURT: Mr. Voss?

MR. VOSS: Well, Your Honor, that's the only kind of evidence that we've been provided. We have not been provided a difference in the value of before and after the event, so I think we're just looking at the repair costs and the values there.

THE COURT: Okay. …

ROA.25-40396.1198:8-23. By Baker expressly choosing the measure of damages as repair costs and replacement value of personal property, it was clear that Baker did not intend to recover under the state law inverse condemnation measure of damages. *Cf. City of Abilene*, 470 S.W.2d at 647; *Barshop*, 442 S.W.2d at 685. Repair costs and replacement value of personal property are not the measure of damages applicable to an inverse condemnation claim, so that Baker chose only a measure of damages applicable to her federal takings claim, which claim has now been dismissed. *Baker*, 84 F.4th at 388.

A takings claim alleging damage to property, as opposed to a physical taking of property, is an inverse condemnation claim under Texas law. *Tarrant Regional Water Dist. v. Gragg*, 151 S.W.3d 546, 554 (Tex. 2004). *See also* Appellant's Brief,

pp. 28-29. The measure of damages is not repair costs and replacement value of personal property. *See Barshop*, 442 S.W.2d at 685 (money damages for inverse condemnation claims are based on the diminution of value of the property at the time of the taking); *City of Abilene*, 470 S.W.2d at 647 (same). The district court gave Baker the opportunity to include the state inverse condemnation claim measure of damages, and Baker declined. ROA.25-40396.1198:8-23. Thus, Baker chose the federal measure of damages. ROA.25-40396.1198:8-23. For Baker to now say that the City should have corrected her so that she could recover damages under both federal and state takings claims with both measures of damages is non-sensical. To do so would be against the City's interests, and Baker cites no authority that requires a party to assist an opponent in recovering damages against it under correct procedures and damages language in a jury charge—that responsibility lies solely with the plaintiff.

Baker suggests, at pages 27-28 of Appellee's Brief, that repair costs may be available in Texas under a temporary-takings analysis where a plaintiff incurred such costs while awaiting the issuance of building permits from a city, citing *City of Carrollton v. RIHR Inc.*, 308 S.W.3d 444, 454 (Tex. 2010). The *City of Carrollton* case is neither persuasive nor controlling. The facts in *City of Carrollton* nowhere resemble the facts in this case. Further, *City of Carrollton* was not an inverse condemnation case but, instead, was a regulatory takings case concerning an

unlawful exaction being imposed by a city concerning the development of property. *City of Carrollton*, 308 S.W.3d at 446-48. The Texas Supreme Court noted that the question of the measure of damages is a question of law subject to a *de novo* review. *City of Carrollton*, 308 S.W.3d at 452. Further, the Court in *City of Carrollton* mentioned that there are different measures of damages applicable to particular forms of taking. *Id.* Nowhere in *City of Carrollton*, however, is there a discussion that the proper measure of damages in an inverse condemnation case is based on repair costs. *City of Carrollton* does not support Baker's position that her chosen measure of damages satisfied Texas inverse condemnation law.

Baker's cite to *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614 (5th Cir. 2018) is likewise inapposite because it is a federal law evidentiary case, not one that addressed Texas inverse condemnation law, and does not vary Texas law in this regard. Appellee's Brief, p. 28. Additionally, Baker's cite to other federal cases as supporting the damages awarded, at Appellee's Brief, pp. 29-30, mixes the apples of federal law with the oranges of state law. The mis-application of state law is the issue in this case, and Baker's failure to identify state law cases in her favor tellingly supports the problems identified in the City's principal brief: the state law issues need to be addressed by state courts. This case should be reversed and dismissed without prejudice to re-filing in state court. Appellant's Brief, pp. 34-38.

WHEREFORE, PREMISES CONSIDERED, as set forth herein and in the City's principal brief, Appellant City of McKinney, Texas, prays that this Court reverse the district court's pre-trial and post-trial rulings, vacate the Final Judgment, and render a decision in the City's favor that Baker's state takings claim should be dismissed without prejudice to the re-filing thereof in state court. The City prays for such other and further relief to which it is justly entitled.

Respectfully submitted,

By:   *s/ Edwin Armstrong Price Voss, Jr.*
Edwin Armstrong Price Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net

BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

Attorney for Appellant
City of McKinney, Texas

**REPLY BRIEF OF APPELLANT CITY OF MCKINNEY, TEXAS - Page 14**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies an electronic version of this document was served by the Court's ECF system, upon counsel for Appellee, Messrs. Suranjan M. Sen, Jeffrey H. Redfern, William R. Aronin, and Robert McNamara, INSTITUTE FOR JUSTICE, 901 North Glebe Road, Suite 900, Arlington, Virginia  22203, on the 6th day of November, 2025.

By: _s/ Edwin Armstrong Price Voss, Jr._
Edwin Armstrong Price Voss, Jr.
Attorney for Appellant
City of McKinney, Texas

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned hereby certifies that this brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 3,011 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(f).

The undersigned further hereby certifies that this brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word 2016 in 14 point font size (12 point font size for footnotes) in Times New Roman type style.

By:   _s/ Edwin Armstrong Price Voss, Jr._
Edwin Armstrong Price Voss, Jr.
Attorney for Appellant
City of McKinney, Texas

Dated:  November 6, 2025